CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED
SEP 24 2007
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| MELVIN L. TEMPLETON, | ) | CASE NO. 5:07CV00004 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| MICHAEL J. ASTRUE, Commissioner of Social Security[1], | ) | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's September 10, 2004 claim for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, an Order will enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment, and DISMISSING this case from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff alleged that he became disabled on October 4, 1996 and that he remained insured through December 31, 2001. (R.12.) The Law

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for JoAnne B. Barnhart as the defendant.

Judge further found that plaintiff, who was 49 years old when last insured, suffered severe impairments of degenerative disc disease of the cervical and lumbar spine and rotator cuff tendonitis, but that these impairments were not severe enough to meet or equal any listed impairment. (R.14,15.)[2] The Law Judge was of the view that plaintiff possessed the residual functional capacity to lift/carry 20 pounds occasionally and 10 pounds frequently, to stand/walk and sit for 6 hours in an eight-hour day, to push and pull, to occasionally crawl and climb ropes/ladders/scaffolds, but had a limited ability to reach. (R. 15.) As a result, the Law Judge concluded that plaintiff was unable to perform his past relevant medium work as an electrician, but that he could perform a full range of light work. (R. 15, 17.) By Application of the Medical-Vocational Guidelines ("grids"), and by reference to certain testimony offered at the hearing by a vocational expert ("VE"), the Law Judge found that jobs were available to the plaintiff in the economy, and that he was not disabled under the Act prior to the expiration of his insured status. (R. 17.)

Plaintiff appealed this decision to the Appeals Council. On November 15, 2006, the Appeals Council found no reason under the rules governing review or in the record to grant review. (R. 5.) Thus, it denied review and adopted the L:aw Judge's decision as a final decision of the Commissioner. (R. 5-7.) This action ensued.

In Plaintiff's Brief in Support ("Pl.'s Brief"), he contends that the Commissioner's final decision is not supported by substantial evidence for the following reasons: 1) the Law Judge impermissibly dismissed the opinion of Dennis Hatter, M.D.; 2) the law Judge impermissibly

---

[2]The Law Judge found that plaintiff did not suffer any severe mental impairment. (R. 15, Finding 5.)

2

substituted his own opinion for that of plaintiff's treating physician; and 3) the Law Judge failed to consider plaintiff's diabetes and its combined effects on his work-related capacity.

On the other hand, in Defendant's Brief In Support Of His Motion For Summary Judgment ("Def.'s Brief"), the Commissioner first reminds the court that plaintiff's insured status expired December 1, 2001. (Def.'s Brief, p. 6.) He then asserts that the evidence relied on by plaintiff, namely the assessment of disability produced in 2006 by Dr. Hatter, his treating physician, was not supported by and was inconsistent with the relevant clinical data as it relates both to hiss alleged physical and mental maladies. (Def.'s Brief, pp. 5-7.) Of equal importance, the Commissioner contends that the report came more than five years after the expiration of plaintiff's insured status and does relate back to the period under consideration in this claim. (Def.'s Brief, at pp. 6,7.) [3]

Frankly, the eight hundred pound guerilla in this case is the gap between December 1, 2001 and March 18, 2006, the date Dr. Hatter signed a rather detailed functional assessment expressing his views, and the bases form them, that plaintiff was "unable to work due to his multiple significant medical problems." (R. 355-359.) It is a recognized principle that evidence of a claimant's disability adduced after the expiration of a claimant's insured status is relevant so long as it relates back to the period under consideration. *Blalock v. Richardson*, 483 F. 2d 773 (4th Cir. 1973); *Brandon v. Gardner*, 377 F. 2d 488 (4th Cir. 1967). However there is nothing in the instant record which would allow the court, or any trier of fact for that matter, to take the quantitative leap of five years necessary to relate Dr. Hatter's assessment in 2006 to plaintiff's

---

[3]The Commissioner does not squarely address whether there was proper consideration of plaintiff's diabetes.

3

condition at the end of 2001. Dr. Hatter certainly does not do so on the face of the assessment, and unfortunately for the plaintiff, the objective clinical evidence relating to the period under consideration, as the Commissioner points out, does not offer the court enough to say the Commissioner's final decision is without substantial evidentiary support.[4]

Accordingly, an Order will enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment and DISMISSING this action from the docket of the court.

The Clerk is directed to send a certified copy of this Memorandum Opinion to all counsel of record.

ENTERED: /s/ _____
U.S. Magistrate Judge

September 24, 2007
Date

---

[4] It should be made clear that, if there had been evidence relating Dr. Hatter's assessment back to 2001, or if the plaintiff insured status had extended to the period addressed in Dr. Hatter's assessment, a different result here would have been likely.

4